FILED
2017 Jul-05  AM 08:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**GEMMA RUIZ,**
**PLAINTIFF,**

**CIVIL ACTION NO.**

**V.**

**JURY TRIAL DEMANDED**

**ULTIMATE HOUSE**
**CLEANING LLC,**

**DEFENDANT.**

## COMPLAINT

### I.    JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331.  The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA. Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. §1367.

### II.    PARTIES

1.      Plaintiff, Gemma Ruiz, (hereinafter "Plaintiff") is a resident of Birmingham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

1

case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northeastern Division.

2.      Defendant, Ultimate Home Cleaning. (hereinafter "Defendant") or "UHC", is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

3.      Defendant, Hermina Guzman (hereinafter "Defendant"), is an individual and owner of UHC Supermarket #3 LLC of Alabama.") is a resident of the Birmingham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.   STATEMENT OF FACTS

4.      Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-3 above.

5.      Defendant hired Plaintiff on or about February 16, 2016.

2

6.     Plaintiff ended her employment with Defendant on or about March 15, 2017.

7.     At the time of Plaintiff's employment in 2016, Defendants paid Ruiz $10.00 per hour, regardless of how many hours she worked.

8.     From the time of her employment until she ultimately left her position with UHC, Plaintiff was paid in cash by Hermina Guzman.

9.     Neither defendant reported the pay it paid to Plaintiff to the Internal Revenue Service or deducted payroll taxes as required by Federal and Alabama law.

10.    Defendant employed Plaintiff as a General Cleaner in multiple commercial and residential locations in the Birmingham area.

11.    At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

12.    During the time of her employment, Plaintiff worked six days a week.

13.    Defendants required Plaintiff to work 50 to 60 hours per week.

14.    Plaintiff typically worked between 10 and 20 hours per week in overtime.

15.    During the three years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

16.    Defendants failed to pay Plaintiff overtime wages for the hours that she worked in excess of 40 in a work week.

3

17.     Defendants failed to pay Plaintiff straight pay for the hours that she worked in excess of 40 in a work week.

## IV.     COUNT ONE – FLSA – Overtime Violations

18.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-18 above.

19.     During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

20.     During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

21.     Defendant's gross annual volume of revenue exceeds $500,000.

22.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

23.     During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated General Cleaning workers, were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

24.     Plaintiff and all similarly situated General Cleaning employees employed by Defendant were engaged in interstate commerce and/or the production

4

of goods for interstate commerce while working for Defendant.  Plaintiff's interstate commercial activity included, but was not limited to, using products that originated out of state or outside of the United States. and utilizing credit card and debit card transactions that crossed state lines.

25.    During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

26.    Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

27.    Defendant regularly and routinely scheduled Plaintiff to work beginning at 7:00 a.m., each working day.

28.    Defendant regularly and routinely allowed Plaintiff only a 60-minute break to eat lunch on each working day.

29.    Defendant regularly and routinely required Plaintiff to work at least 8 hours each working day.

30.    Defendant regularly and routinely required Plaintiff to work Monday and Tuesday and Thursday through Sunday, a six-day workweek.

31.    Defendant failed to pay Plaintiff for all of the overtime wages that she was owed for time worked in excess of 40 hours in a pay week.

32.    As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

33.    Defendant paid Plaintiff only 40 hours regardless of the number of hours worked.

## IV.    COUNT TWO – FLSA – Minimum Wage Violations

34.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-34 above.

35.    During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

36.    During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

37.    Defendant's gross annual volume of revenue exceeds $500,000.

38.    At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

39.    During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated General Cleaning workers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

40.     Plaintiff and all similarly situated General Cleaning Employees employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, using products that originated out of state or outside of the United States. and utilizing credit card and debit card transactions that crossed state lines.

41.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

42.     Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

43.     Defendant regularly and routinely required Plaintiff to work at least 10 hours each working day.

44.     Defendant regularly and routinely required Plaintiff to work a six-day workweek.

45.     Defendant failed to pay Plaintiff for all of the overtime wages that he was owed for time worked in excess of 40 hours in a pay week.

46.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

47.     Defendant paid Plaintiff only 40 hours regardless of the number of hours worked.


IV.    **COUNT THREE – FLSA – Work and Labor Done**

48.     Between February 16, 2016 and March 15, 2017, Plaintiff did work and labor for the Defendant at the Defendant's request.

49.     Defendant has failed or refused to pay for said work and labor.

V.     **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of his back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.     This Court award Plaintiff the amount of his back minimum wage pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

D.     This Court award Plaintiff the amount of his back straight pay, plus an additional equal amount as liquidated damages; nominal damages; interest, and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.    For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL STRUCK BY JURY**

_____
OF COUNSEL

**SERVE DEFENDANTS AT:**

**ULTIMATE HOUSE CLEANING LLC
5388 PINEYWOOD ROAD
BIRMINGHAM, AL 35242**

Hermina Guzman
518 TALON CT
BIRMINGHAM, AL 35242-6927