IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEMMA RUIZ, | ) |
| | ) |
|    Plaintiff, | ) |
| v. | ) Case NO. 2:17-cv-1124-TMP |
| | ) |
| ULTIMATE HOUSE CLEANING LLC, | ) |
| | ) |
|    Defendant. | ) |

## STIPULATED JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., brought by Plaintiff GEMMA RUIZ against Defendants ULTIMATE HOUSE CLEANING, LLC and HERMINA GUZMAN. The Parties have reached an agreement to resolve all claims in this case and seek court approval of the FLSA settlement and an order of dismissal with prejudice.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), a claim for overtime under the FLSA can be settled only in two ways: one involving payment of the claimed overtime under the supervision of the Secretary of Labor or, the second, pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees ... is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982)).

Following an examination of the pleadings and terms of the settlement agreement, which is annexed hereto as Exhibit A to this Order, the Court finds that a *bona fide* dispute of both law and fact is involved in this litigation, including, but not limited to, issues of liability and the amount of overtime compensation due, if any. The Plaintiff estimates that she worked an average of eight (8) hours of overtime in each of 40 weeks of work, but was paid only the straight-time rate of $10.00 per hour. She claims additional lost time-and-a-half wages of $5.00 per hour for a total of 320 hours, resulting in lost wage of $1,600.00. She also claims liquidated damages of a like amount. Also, the parties have separately negotiated an attorney's fee and expense reimbursement of $3,000.00. The parties have agreed that the Plaintiff will receive $3,200.00 (less any applicable withholding taxes) and the Plaintiff's attorney will receive a separate amount of $3,000.00, all in return for dismissing with prejudice the instant action. There are no "side deals" related to other claims or actions.

Having reviewed the terms of the settlement agreement agreed upon by the Parties, this Court finds that the settlement terms proposed by the Parties are fair, reasonable, and equitable to all involved and that their agreement is a fair and

reasonable resolution of this *bona fide* dispute.  Therefore, the Court approves the settlement and the Parties are hereby ordered to finalize the settlement through the exchange of consideration.

Based upon this resolution by the Parties, all claims Plaintiff has or may have arising out of or relating to this lawsuit, including, but not limited to, any claims under the FLSA for wages, overtime, attorney's fees, costs, expenses or other relief, award, or damages are hereby resolved and DISMISSED WITH PREJUDICE.

The Clerk of Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure

SO ORDERED this the 3rd day of October, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE